UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SUNILDAAT J. DOOKNAH,

          Plaintiff,

-against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
----------------------------------------------------------x

**ORDER**

09-CV- 3787 (RJD)

DEARIE, Chief Judge.

    Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for review of the final decision of defendant Commissioner of Social Security that he was not disabled from August 1, 2005 to October 8, 2009; the Commissioner has already determined that plaintiff was disabled as of October 9, 2009 due to a back condition. Before the Court are the parties' cross-motions for judgment on the pleadings.

    The parties' familiarity with the administrative record, the controlling authorities and the positions advanced in the briefs and at oral argument is assumed. As announced by the Court during oral argument and for the reasons then stated, reversal and remand for a calculation of benefits are required because, *inter alia*, ALJ Fier committed legal error by failing to give adequate (or indeed, any) weight to the opinion of plaintiff's treating physician, Dr. Jeff M. Silber of the Long Island Jewish Medical Center Department of Orthopedic Surgery, with respect to the deteriorating condition of plaintiff's back. The Commissioner's final decision that plaintiff was not disabled before October 9, 2009 is therefore not supported by substantial evidence.

The Court announced during argument, and reiterates here, that the record evidence persuasively establishes that plaintiff was disabled due to chronic and ongoing back pain prior to October 9, 2009.

The only question unresolved at the time of argument is the onset date. Plaintiff claims that his period of disability begins when he stopped working, on August 1, 2005, whereas counsel for the Commissioner, without conceding his position on the motions, argues that there is no evidence that plaintiff was unable to work prior to February 2007, which is when Dr. Silber concluded that plaintiff's back was serious enough to require surgical intervention.

The Court finds, however, that the record evidence persuasively establishes that plaintiff was disabled as of November 8, 2006, the date of Dr. Silber's initial consultation with plaintiff. The fact that Dr. Silber did not recommend surgical intervention until February 2007 does not affect the disability question. Dr. Silber saw plaintiff a total of five times during those three months; he also sent plaintiff for a second opinion, and ordered a battery of tests, including x-rays, a CT scan, and a bone scan. Clearly the three months were a period of evaluation and diagnosis rather than a time of material deterioration in plaintiff's condition. With respect to that condition, Dr. Silber's series of detailed reports documents the constancy, throughout the period, of plaintiff's disabling level of back pain.

A fair argument can be made, of course, for settling upon an even earlier date than November 8, 2006. The back condition at issue is understood as the gradual onset of pain related to plaintiff's *1995* injury and surgery, and it is not unreasonable to conclude that that pain had reached a disabling level sometime before the day plaintiff first entered Dr. Silber's examination room. But actual evidence with respect to the period before November 8, 2006 is scant. We essentially know only that plaintiff stopped working on August 1, 2005 because he had a seizure.

Plaintiff also claims that his back had begun to seriously bother him earlier that year, and that by the time of the seizure on August 1, his back pain had become too severe for him to return to work as a packer and shipper. I cannot regard this as persuasive proof that plaintiff was disabled as of August 1, 2005, however, because the role of plaintiff's seizures in the disability analysis is unclear.

Notably, plaintiff's initial application for benefits, filed in June 26, 2006, claimed a confluence of conditions as a disability, including back pain, tuberculosis, seizures, lung disease, dizziness, and chest pain. In his papers and argument before this Court, however, plaintiff has all but abandoned the grounds other than back pain (which, as noted, is the sole ground of disability this Court finds to be persuasively established in the record). With respect to the seizures, plaintiff experienced on average two episodes per year for the years 1993-2006, but he was nevertheless able to work for the vast majority of the period. Plaintiff's seizures are also apparently controlled with medication, and by plaintiff's own testimony, the seizure that he suffered on August 1, 2005 occurred because he did not take his medication that day.

Accordingly, should plaintiff continue to press his claim for benefits for the period August 1, 2005 through November 7, 2006 based solely on his back condition, the case is remanded for further proceedings so that the Commissioner can determine whether he was so disabled during that period.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings is denied. Plaintiff's motion for judgment on the pleadings is granted in part and only to the extent he claims a disability due to his deteriorating back condition for the period November 8, 2006 through October 8, 2009. The case is remanded solely for a calculation of benefits for that period.

Should plaintiff continue to press his claim for benefits based solely on his back condition for the period August 1, 2005 through November 7, 2006, the case is remanded for further proceedings so that the Commissioner can determine whether plaintiff was so disabled during that period

SO ORDERED.

Dated: Brooklyn, New York
      March 2/2011

                            s/ Judge Raymond J. Dearie

                            RAYMOND J. DEARIE
                            United States District Judge